**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>**TERRY BROWN**<br><br>　　　　　Defendant. | **CASE NUMBER: 2:18CR21-006**<br>**USM Number: 17351-027**<br><br>**AMIR I MOHABBAT**<br>**DEFENDANT'S ATTORNEY** |

## JUDGMENT IN A CRIMINAL CASE

**THE DEFENDANT** pleaded guilty to counts 14 and 15 of the Indictment on November 27, 2018.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title, Section & Nature of Offense | Date Offense Ended | Count Number(s) |
|---|---|---|
| 21:841(a)(1) DISTRIBUTION OF COCAINE | January 24, 2018 | 14 |
| 18:924(c) POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME | January 24, 2018 | 15 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts 1, 7 and 8 of the Indictment are dismissed on the motion of the United States.

May 22, 2019
Date of Imposition of Judgment

s/ Joseph S. Van Bokkelen
Signature of Judge

Joseph S. Van Bokkelen, United States District Judge
Name and Title of Judge

May 22  , 2019
Date

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **70 months, consisting of a term of 10 months on Count 14 and 60 months on Count 15, to be served consecutively.**

The Court makes the following recommendations to the Bureau of Prisons:

    That the defendant be incarcerated at MCC Chicago, or at the federal facility in Milan, MI.

    Defendant be given credit for time served awaiting sentencing on this charge

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

    Defendant delivered _____ to _____ at _____, with a certified copy of this judgment.

                                                _____
                                                       UNITED STATES MARSHAL

By: _____
        DEPUTY UNITED STATES MARSHAL

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years.**

# CONDITIONS OF SUPERVISION

While on supervision, the defendant shall comply with the following conditions:

1. Mr. Brown may not commit another federal, state, or local crime.

2. Mr. Brown may not unlawfully use, possess, or distribute a controlled substance.

3. Because of his drug abuse history, Mr. Brown must submit to one drug test within 14 days of beginning his supervision and up to two drug tests per month thereafter, as determined by the probation officer.

4. Mr. Brown must cooperate in the collection of his DNA sample as directed by the probation officer if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000.

5. Within 72 hours of release from the custody of the Bureau of Prisons, Mr. Brown must report between the hours of 8:00 a.m. and 4:30 p.m. to the probation office in the district to which he is released.

6. Mr. Brown may not knowingly be outside the judicial district between the hours of 10:00 p.m. and 6:00 a.m. without the Court's or probation officer's permission. In any case, Mr. Brown may not knowingly travel more than 50 miles outside the judicial district without the Court's or probation officer's permission. The probation office will provide Mr. Brown a map describing the boundaries of the judicial district at the start of supervision. After 12 months of Mr. Brown being placed on supervision, the probation office must submit a report to the Court indicating whether the travel restrictions should be lifted or modified.

7. Mr. Brown must report to the probation officer in the manner and frequency as reasonably directed by the probation officer. However, he may be required to report in person at the probation office only between 8:00 a.m. and 4:30 p.m. on the days the probation office is open for business.

8. In all matters relating to his conditions of supervision, Mr. Brown must truthfully answer the probation officer's questions. This condition does not prevent Mr. Brown from invoking his Fifth Amendment privilege against self-incrimination.

9. Mr. Brown must follow the instructions of the probation officer as they relate to the conditions of supervision. Mr. Brown may petition the Court for relief or clarification regarding a condition he believes has become unreasonable.

10. Mr. Brown must live at a location approved by the probation officer.

11. If Mr. Brown plans to change where he lives or if the people he lives with change, he must inform the probation officer at least 14 days before the change. If informing the probation officer in advance is not possible due to unexpected circumstances, Mr. Brown must inform the probation officer as soon as possible, and no later than 72 hours after the change.

12. If Mr. Brown plans to change where he works or if his position, job responsibilities, or hours of employment change, Mr. Brown must inform the probation officer at least 14 days before the change. If informing the probation officer in advance is not possible due to unexpected circumstances, Mr. Brown must inform the probation officer within 72 hours after the change.

13. Mr. Brown must notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer. If Mr. Brown is unable to do so within 72 hours, he must give such notification as soon as the conditions preventing such notification no longer exist.

14. Mr. Brown must make reasonable efforts to obtain and maintain employment at a lawful occupation unless he is excused by the probation officer for schooling, training, or other acceptable reasons such as child care, elder care, disability, age, or serious health condition. If, within 12 weeks of being placed on supervision, Mr. Brown is not employed at the rate of at least 20 hours a week, or if his employment falls below the rate of 20 hours a week for a period of at least 12 weeks during the term of supervision, he must perform 16 hours of community service each week in which his employment remains below 20 hours a week; or participate in a job skills training and counseling program, daily job search, or other employment-related activities, at his own expense. The probation officer will supervise participation in any community service program by approving the program (agency, location, frequency of participation, etc.). This condition will expire after Mr. Brown performs a total of 400 hours of community service while on supervision.

15. Mr. Brown may not own or possess a firearm, ammunition, destructive device, or any other dangerous weapon. A dangerous weapon is an instrument that is specially designed as a weapon.

16. Mr. Brown may not knowingly and intentionally be in the presence of anyone who is illegally using or distributing a controlled substance, and if such activity commences when he is present, he must immediately leave the location. Mr. Brown may not knowingly and intentionally visit places where illegal controlled substances are distributed or used.

17. Mr. Brown may not knowingly meet, communicate, or otherwise interact with a person whom he knows to be engaged, or planning to be engaged, in criminal activity.

18. Between the hours of 8:00 a.m. and 9:00 p.m., Mr. Brown must permit a probation officer to visit him at home or any other reasonable location and must permit confiscation of any contraband observed in plain view by the probation officer. A visit between the hours of 9:00 p.m. and 8:00 a.m. may be conducted only when the probation officer has a reasonable belief that Mr. Brown has violated a condition of supervision and that a visit during those hours would reveal information or contraband that would not be revealed by a visit at any other time. After 12 months of Mr. Brown being placed on supervision, the probation office should submit a report to the Court indicating whether this condition should be lifted or modified.

19. If any portion of the special assessment of $200 remains unpaid when Mr. Brown is released from prison, he must pay it within 12 weeks of his release, or, if financially unable to fulfill this requirement, he must arrange a payment schedule with the probation office.

20. Unless an assessment at the time of release from imprisonment or commencement of probation indicates that participation is not necessary, Mr. Brown must participate in a drug abuse treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise his participation in the program (provider, location, modality, duration, intensity, etc.). Mr. Brown must pay the costs of the program if financially able. Mr. Brown must also submit to random blood-alcohol or breathalyzer testing. Mr. Brown must pay the costs of this testing if financially able to do so.

21. Mr. Brown must refrain from knowingly using alcohol excessively. This includes "binge" drinking and "heavy" drinking. "Binge drinking" is defined as a pattern of drinking that brings blood alcohol concentration levels to 0.08 grams per deciliter or higher. Heavy drinking here means "consuming fifteen drinks or more per week," or any use of alcohol that materially adversely affects defendant's employment, relationships, or ability to comply with the conditions of supervision, or which results in the violation of any local, state, or federal laws including disorderly conduct, intoxication, or driving under the influence.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $200 | NONE | NONE |

The defendant shall make the special assessment payment payable to Clerk, U.S. District Court, 5400 Federal Plaza, Suite 2300, Hammond, IN 46320. The special assessment payment shall be due immediately.

## FINE

No fine imposed.

## RESTITUTION

No restitution imposed.

## FORFEITURE

The defendant shall forfeit the defendant's interest in the following property to the United States:

**1. One Glock Model 21C Gen4 caliber .45 handgun bearing serial number BBSW682;**

**2. One American Tactical Imports Model AT-47 caliber .762 rifle bearing serial number FS001371;**

**3. One Keltec, CNC Industries Model PLR 16 caliber .556 handgun bearing serial number PAY52;**

**4. 672 assorted rounds of ammunition.**

Name: <u>TERRY BROWN</u>
Docket No.: <u>2:18CR21-006</u>

# ACKNOWLEDGMENT OF SUPERVISION CONDITIONS

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

I have reviewed the Judgment and Commitment Order in my case and the supervision conditions therein. These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)

_____   _____
Defendant                                                          Date


_____   _____
U.S. Probation Officer/Designated Witness          Date