UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 2:18-CR-21-6-TLS-APR |
| TERRY BROWN | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Terry Brown's Motion for Reduction in Sentence Pursuant to 18 U.S.C. 3582(c)(1)(A), CARES Act [ECF No. 470], filed on May 29, 2020. Defendant Brown seeks compassionate release due to the COVID-19 pandemic. For the reasons set forth below, the Defendant's request is DENIED.

**BACKGROUND**

On November 27, 2018, the Defendant pleaded guilty, pursuant to the Amended Plea Agreement [ECF No. 150], to Counts Fourteen and Fifteen of the Indictment [ECF No. 1] charging him with distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). On May 22, 2019, the Court sentenced the Defendant to 70 months imprisonment. *See* ECF No. 274. The Defendant has been in custody since his arrest on February 23, 2018. Final PSR 2, ECF No. 218. Thus, he has served approximately 29 months of his sentence. He is currently confined in the Milan Federal Correctional Institution ("FCI Milan"). Def.'s Mot. 2, ECF No. 470; Gov't Resp. 4, ECF No. 506.

The Defendant filed his Motion for Reduction in Sentence Pursuant to 18 U.S.C. 3582(c)(1)(A), CARES Act [ECF No. 470], on May 29, 2020, asking to be released in light of the COVID-19 pandemic. The Court then issued an Order referring the Defendant's Motion to the Federal Community Defenders Office on June 9, 2020. *See* ECF No. 480. The Federal

Community Defenders filed a Notice of Non-Representation [ECF No. 483] on the same date. Finally, the Government filed its Response [ECF No. 506] on June 22, 2020. The Court has reviewed the relevant filings and is prepared to rule on the Defendant's Motion.

## ANALYSIS

The Defendant asks the Court to modify his sentence pursuant to the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) based on the threats posed by the COVID-19 pandemic and the conditions at the FCI Milan facility. Def.'s Mot. 2. The Defendant asks the Court to order that he serve the remainder of his sentence on home confinement or supervised release. Because the Defendant's Motion references 18 U.S.C. § 3582(c)(1)(A) and asks, as an alternative to home confinement, to serve the remainder of his sentence on supervised release, the Court also construes the Defendant's Motion to request that his sentence be reduced to time served. For the reasons set forth below, the Court denies the Motion.

Following the imposition of a sentence, a court may not modify the term of imprisonment absent specific circumstances enumerated in 18 U.S.C. § 3582(c). One such circumstance allows a court to grant a defendant compassionate release if certain requirements are met. 18 U.S.C. § 3582(c)(1)(A). The statute provides that

> the court, upon motion of the Director of the Bureau of Prisons, or *upon motion of the defendant* after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction . . .
> >
> > > and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission . . . .

2

*Id.* (emphasis added). Thus, the statute sets out four requirements: exhaustion of administrative remedies, consideration of whether "extraordinary and compelling reasons" warrant a reduction in the term of imprisonment, consideration of the § 3553(a) factors, and consistency with the applicable Sentencing Commission policy statements.

While the statute does not define "extraordinary and compelling reasons," Congress provided:

> The [Sentencing] Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

28 U.S.C. § 994(t).

Pursuant to that authority, the Sentencing Commission Policy Statement on § 3582(c)(1)(A) provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1) (A) extraordinary and compelling reasons warrant the reduction . . .
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) the reduction is consistent with this policy statement.

U.S. Sentencing Guidelines Manual § 1B1.13. The commentary to the Policy Statement then provides that extraordinary and compelling reasons exist under any of these circumstances:

> (A) Medical Condition of the Defendant.—
>
> > (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis

>> of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
>> (ii)    The defendant is—
>
>>> (I)    suffering from a serious physical or medical condition,
>>>
>>> (II)   suffering from a serious functional or cognitive impairment, or
>>>
>>> (III)  experiencing deteriorating physical or mental health because of the aging process,
>
>> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B)    Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C)    Family Circumstances.
>
>> (i)    The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>>
>> (ii)   The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D)    Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S. Sentencing Guidelines Manual § 1B1.13 cmt. 1.

Policy Statement § 1B1.13 was effective November 1, 2018, but has not been updated to reflect that the First Step Act amended § 3582(c)(1)(A) in December 2018 to allow a motion to be brought by a defendant and not only by the Bureau of Prisons. *See* U.S. Sentencing Guidelines Manual § 1B1.13 cmt. 4 ("A reduction under this policy statement may be granted

only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A)."). Nevertheless, § 1B1.13 provides guidance on the "extraordinary and compelling reasons" that may warrant a reduction in a term of imprisonment on a motion brought by a defendant. *See United States v. Scott*, No. 17-CR-156, 2020 WL 2508894, at *7–8, — F. Supp. 3d —, — (E.D. Wis. May 15, 2020) (agreeing with the majority of courts that a "court in deciding a compassionate release motion is no longer confined to the specific examples enumerated in U.S.S.G. § 1B1.13"); *United States v. McGraw*, No. 2:02-cr-18, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019) ("While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." (citing cases)).

### A.     Home Confinement

First, the Court recognizes that the Defendant's Motion requests that he be permitted to serve his sentence on home confinement. Def.'s Mot. 1–2. As noted above, the Court has limited jurisdiction to correct or modify a sentence absent the specific circumstances enumerated by Congress in 18 U.S.C. § 3582. Section 3582(c) contemplates only a reduction to a defendant's sentence. *See* 18 U.S.C. § 3582(c). However, a request to serve the remainder of a term of imprisonment on home confinement is not a request to reduce the sentence but rather a request to change where the defendant serves that sentence. The execution of sentences and the computation of jail time is an administrative function under the authority of the Office of the Attorney General, which has delegated this task to the Bureau of Prisons. *United States v. Wilson*, 503 U.S. 329, 334–35 (1992). The Bureau of Prisons alone has the statutory authority to designate a defendant's place of imprisonment, including placement in home confinement. *See*

18 U.S.C. §§ 3621(b), 3624(c)(2). Accordingly, the Court denies the Defendant's request to serve his sentence on home confinement and proceeds to the relief permitted by § 3582(c)(1)(A).

### B.     Exhaustion of Administrative Remedies

The Court must first consider whether the Defendant has exhausted his administrative remedies. Section 3582(c)(1)(A) provides that a defendant may bring a motion for compassionate release only after either (1) exhausting administrative review of the Bureau of Prisons' denial of a request or (2) thirty days have "lapsed" since the defendant made the request to the warden, whichever is earlier. *See* 18 U.S.C. § 3582(c)(1)(A). In his Motion, the Defendant claims that he "has met most qualifications for home confinement but has not been transferred." Def.'s Mot. 3. The Defendant argues that he has not been placed on home confinement because "the BOP is not taking seriously the directive from the Attorney General's memo on 3/20/2020." *Id.*[1] Although the Defendant makes these assertions, he has neither explained how he has met the qualifications for home confinement, nor has he claimed that he has exhausted his administrative remedies. Furthermore, the Government represents that it contacted counsel for the BOP and was told that the Defendant did not file a request for compassionate release or for any reduction to his sentence. Gov't's Resp. 5.

The district courts of the United States are "courts of limited jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Thus, there is an important distinction between a rule that is a jurisdictional requirement and a claim-processing rule. *Henderson ex rel.*

---

[1] The Court notes that the Attorney General's March 20, 2020 Memorandum relates to federal employees and travel restrictions. *See* Office of Att'y Gen. Memorandum for All United States Attorneys (Mar. 20, 2020). Presumably, the Defendant intended to refer to the Attorney General's March 26, 2020 Memorandum or April 3, 2020 Memorandum, as both memoranda address increasing the use of home confinement. *See* Office of Att'y Gen., Memorandum for Director of Bureau Prisons, Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (Mar. 26, 2020); Office of Att'y Gen., Memorandum for Director of Bureau Prisons, Prioritization of Home Confinement As Appropriate in Response to COVID-19 Pandemic (Mar. 26, 2020).

*Henderson v. Shinseki*, 562 U.S. 428, 434–35 (2011). In *Arbaugh v. Y&H Corp.*, the United States Supreme Court adopted a "bright line" test for classifying a statutory rule as jurisdictional. 546 U.S. 500, 515–16 (2006). A rule qualifies as jurisdictional only if "Congress has 'clearly stated' that the rule is jurisdictional." *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013) (quoting *Arbaugh*, 546 U.S. at 515–16). The Supreme Court cautioned that, "absent such a clear statement, . . . 'courts should treat the restriction as nonjurisdictional in character.'" *Id.* (quoting *Arbaugh*, 546 U.S. at 515–16).

This Court has previously held that § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional. *See, e.g.*, *United States v. Council*, No. 1:14-CR-14-5, 2020 WL 3097461, at * 4 (N.D. Ind. June 11, 2020). Thus, the Defendant's motion is properly adjudicated in this Court regardless of whether he has or has not completed the statutory exhaustion process. *United States v. Wood*, No. 1:14-CR-35, 2020 WL 3819193, at *2 (N.D. Ind. July 8, 2020). As to whether exhaustion under § 3582(c)(1)(A) is waivable as a claim-processing rule, courts have taken different approaches, from finding that exhaustion is prudential and can be excused by the court to strictly enforcing the exhaustion requirements. *See, e.g.*, *United States v. Alam*, 960 F.3d 831, 834–36 (6th Cir. 2020) (holding that exhaustion of administrative remedies under § 3582(c)(1)(A) is mandatory and declining to make an equitable exception to the statutory requirement); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (finding that the defendant had failed to comply with § 3582(c)(1)(A)'s exhaustion requirement because the Bureau of Prisons had not had thirty days to consider the defendant's request for compassionate release and there had been no adverse decision for the defendant to administratively exhaust); *Cox*, 2020 WL 1923220, at *4, — F. Supp. 3d at — (finding that a court cannot waive the statutory exhaustion requirement over the government's objection because Congress did not intend to allow for court-created exceptions even under the exigent circumstances created by the COVID-19 pandemic);

*United States v. Haney*, 19-cr-541, 2020 WL 1821988, at *3, — F. Supp. 3d —, — (S.D.N.Y Apr. 13, 2020) (finding that "Congress cannot have intended the 30-day waiting period of § 3582(c)(1)(A) to rigidly apply in the highly unusual situation in which the nation finds itself today" and permitting the defendant to seek relief before the thirty-day period had elapsed).

In this case, the Court need not resolve the issue because the Defendant has not shown extraordinary and compelling reasons for a reduction in his term of imprisonment. *See, e.g.*, *United States v. Wolfe*, 1:15-cr-169, 2020 WL 2615010, at *2 (S.D. Ind. May 22, 2020) (putting "to the side the thorny issue of exhaustion to tackle the easier issue" of whether the defendant has presented extraordinary and compelling reasons to warrant a sentence reduction).

### C.   Extraordinary and Compelling Reasons

The Defendant argues that the COVID-19 pandemic is a global health emergency that presents a serious and grave risk to vulnerable inmates such as himself, reasoning that conditions of imprisonment create the ideal environment for the transmission of contagious disease. Although the Court recognizes that COVID-19 poses a general threat to every non-immune person in the country, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *Raia*, 954 F.3d at 597 (3d Cir. 2020); *see also* Federal Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/index.jsp (last visited Aug. 4, 2020). Rather, § 3582(c)(1)(A) contemplates a sentence reduction for specific individuals based on the individuals' particular circumstances of where he is housed and his personal health conditions. *See United States v. Downing*, No. 18-cr-40037, 2020 WL 2789790, at *2 (C.D. Ill. May 29, 2020) ("[A] prisoner [may] satisfy the extraordinary and compelling reasons requirement by showing that his particular institution is facing a serious outbreak of COVID-19 infections, the

institution is unable to successfully contain the outbreak, and his health condition places him at significant risk of complications should he contract the virus." (quoting *United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020))).

The Defendant's Motion argues that he should be released because FCI Milan is "almost 90 years old, falling apart and set up exactly like a 'petri dish'" due to the dormitory style "unit[s] hold[ing] about 130 men with four toilets and showers to share." Def.'s Mot. 2. While the Defendant's concerns are valid, his Motion ignores the numerous safety measures taken by the BOP. Namely, BOP facilities, including the facility at which the Defendant is detained, have strict precautions in place including shelter-in-place protocols, screening and quarantining all newly arriving detainees, isolating all symptomatic detainees until medically cleared, and issuing and encouraging the use of face masks. *See* Gov't's Resp. 14 (citing BOP Implementing Modified Operations, https://www.bop.gov/coronavirus/covid19_status.jsp). The Defendant's Motion is void of any facts or details showing that his institution is facing a serious outbreak of COVID-19 infections or that FCI Milan is incapable of successfully containing an outbreak. Accordingly, the Defendant's general concerns surrounding the conditions at FCI Milan are insufficient to warrant his release.[2]

Furthermore, the Defendant does not argue that he faces any particularized risks created by the COVID-19 pandemic. It is generally accepted that certain individuals are at a high risk of experiencing significant complications if they contract the virus, *see* People Who Are at Increased Risk for Severe Illness, Centers for Disease Control and Prevention,

---

[2] The Government represents that there are no cases of COVID-19 at FCI Sandstone, *see* Gov't's Resp. 15; however, the Defendant is housed at FCI Milan. According to the BOP COVID-19 Index, there are two inmates with confirmed active cases of COVID-19 at FCI Milan. *See* Federal Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/index.jsp (last visited Aug. 4, 2020). The Defendant does not argue, nor does the Court have any reason to believe, that FCI Milan is not following the BOP's policy requiring inmates who have tested positive to be quarantined. As such, this fact does not change the Court's analysis.

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited Aug. 4, 2020); however, the Defendant does not suggest that he is impaired by any of these conditions. The Defendant previously informed the probation office that he was in good physical health and was not taking any medications. Final PSR ¶ 62. There has been nothing provided to the Court suggesting that the Defendant's representations were untrue or that his physical condition has changed; therefore, the Court has no reason to believe that the Defendant, a thirty-five-year-old man, is not in good physical health or that he is an at-risk individual. Thus, the Court finds that the Defendant has not shown extraordinary and compelling reasons that would make him eligible for a reduction in his term of imprisonment.

### D.     Consideration of the § 3553(a) Factors

If the Court were to move on in the analysis and consider the § 3553(a) factors and whether the Defendant is a danger to the safety of any other person or the community, the Court would note the following. The Defendant has only served 29 months of his 70-month sentence, which was the lowest sentence the Court could give while still staying within the guideline range and following the applicable statutes. The circumstances of the offense were serious, as the Defendant was involved in distributing cocaine, while armed, in association with a dangerous drug trafficking organization. Further, the Defendant has not informed the Court of any post-conviction facts or details warranting a reduced sentence, such as an exemplary prison disciplinary record or participation in any classes or programs. Accordingly, the § 3553(a) factors do not warrant a reduced term of imprisonment.

Based on the Defendant's specific circumstances and each of the above described factors, the Court finds that a reduced term of imprisonment under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) is not warranted. *See Downing*, 2020 WL 2789790, at *1–2 (denying motion for compassionate release, even though the defendant has health issues of type

10

2 diabetes, COPD, anemia, asthma, and high blood pressure, where the defendant was 43 years old, the defendant was housed in a facility with very few COIVD-19 cases, and early release would not be consistent with the § 3553(a) factors); *United States v. Shah*, 16-20457, 2020 WL 1934930, at *1–2 (E.D. Mich. Apr. 22, 2020) (denying motion for compassionate release on the basis that, although the defendant suffers from diabetes and hypertension, there were no cases of COVID-19 in his facility and the Bureau of Prisons is making strict efforts to protect inmates); *United States v. Desage*, 2:13-cr-39, 2020 WL 1904584, at *1–4 (D. Nev. Apr. 17, 2020) (denying relief for a 69-year-old inmate at outset of 36-month sentence, given his criminal record, even though he is diabetic, because he would be isolated and the Bureau of Prisons is taking steps to keep inmates safe).

## CONCLUSION

For the foregoing reasons, the Court DENIES the relief requested in the Defendant's Motion for Reduction in Sentence Pursuant to 18 U.S.C. 3582(c)(1)(A), CARES Act [ECF No. 470]. The Motion is denied without prejudice and with leave to refile should there be a change of circumstances involving the Defendant.

SO ORDERED on August 5, 2020.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT