UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 2:18-CR-21-6-TLS-APR |
| TERRY BROWN | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Terry Brown's Motion for Time Continuance for Filing Motion 28 U.S.C. 2255 for Good Cause Respectfully [ECF No. 469], filed on May 29, 2020, his Notice of Intent to File Habeas Corpus Pursuant to 28 U.S.C. 2255(e) (via) 28 U.S.C. 2241 [ECF No. 505], filed on June 19, 2020, and his Second Notice of Intent to File Habeas Corpus Pursuant to 28 U.S.C. 2255(e) (via) 28 U.S.C. 2241 [ECF No. 514], filed on July 10, 2020. For the reasons set forth below, the relief requested by the Defendant is DENIED.

**BACKGROUND**

On November 27, 2018, the Defendant pleaded guilty, *see* ECF No. 164, pursuant to the Amended Plea Agreement [ECF No. 150], to Counts Fourteen and Fifteen of the Indictment [ECF No. 1] charging him with distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). On May 22, 2019, the Court sentenced the Defendant to 70 months imprisonment. *See* ECF No. 275. The Defendant has been in custody since his arrest on February 23, 2018. Final PSR 2, ECF No. 218. Thus, he has served approximately 29 months of his sentence. He is currently confined in the Milan Federal Correctional Institution ("FCI Milan"). Def.'s Mot. 1, ECF No. 469.

The Defendant filed his Motion for Time Continuance for Filing 28 U.S.C. 2255 for Good Cause Respectfully [ECF No. 469] on May 29, 2020, "request[ing] an extension of time to include August 1, 2020 as the deadline for filing his 2255" and arguing that such an extension is warranted because the law library at FCI Milan has been closed due to the COVID-19 pandemic. *Id.* 2. The Defendant reiterates this request in the Notices he filed with the Court, and also requests the Clerk to "file this notice and forward [it] to the Eastern District of Michigan" and to appoint counsel. Notice 2, 4, ECF No. 505, Second Notice 2, 4, ECF No. 514.

## ANALYSIS

The Defendant requests the Court to (1) grant the Defendant an extension to the 1-year filing period associated with § 2255 motions, (2) forward the Defendant's filings and documents to the United States District Court for the Eastern District of Michigan, and (3) appoint counsel to prepare the Defendant's § 2255 motion. The requested relief must be denied.

**1. The Defendant's Motions and Notices Are Not 2255 Motions**

The Seventh Circuit has made clear that "any post-judgment motion in a criminal proceeding that fits the description of § 2255 ¶ 1 is a motion under § 2255," *Nolan v. United States*, 358 F.3d 480, 485 (7th Cir. 2004) (quoting *United States v. Evans*, 224 F.3d 670, 672 (7th Cir. 2000)), and "the district courts have a duty to inform the moving party that [a defendant's] claim [can] and [will] be construed as a motion brought under § 2255," *id.* Paragraph 1, now subsection (a), of § 2255 describes a motion "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The instant Motion describes the conditions at FCI Milan and requests an extension of

time to file a § 2255 motion. As such, the instant Motion does not fit the description of § 2255(a) and, thus, is not a § 2255 motion.

### 2. The Court Cannot Grant an Extension to File a § 2255 Motion

Defendants seeking to challenge their sentence pursuant to § 2255 must file a motion within a "1-year period of limitation." 28 U.S.C. § 2255(f). The Defendant's Notices suggest that his § 2255 motion will be based on the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). Notice 3. Thus, the 1-year period of limitations runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). *United States v. Davis* was decided on June 24, 2019, 139 S. Ct. 2319 (2019), thus, the Defendant was required to file his § 2255 motion by June 24, 2020, *see* 28 U.S.C. § 2255(f)(3). Accordingly, the 1-year period of limitations has lapsed.[1]

The Defendant, however, requested "an extension of time to include August 1, 2020, as the deadline for filing his 2255" in his May 29, 2020 Motion. Mot. 2. The Defendant argues that an extension is warranted because "everything is closed with no staff to include library access" due to the ongoing COVID-19 Pandemic. *Id.*

In *Green v. United States*, the Second Circuit opined that "a district court may grant an extension of time to file a motion pursuant to section 2255 only if (1) the moving party requests

---

[1] The Court notes that the 1-year period of limitations also lapsed based on the time period set forth by 28 U.S.C. § 2255(f)(1), which provides that [t]he limitation period shall run from the latest of . . . the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f). "A judgment becomes final for purposes of § 2255 when the time expires for filing an appeal contesting the conviction." *United States v. Abernathy*, No. 1:06–CR–3, 2013 WL 5319786, at *1 (N.D. Ind. Sept. 23, 2013) (citing *Clay v. United States*, 537 U.S. 522, 525 (2003)). The Defendant's judgment and commitment was issued on May 22, 2019 [ECF No. 275], and the Defendant did not file an appeal. Pursuant to Rule 4(b)(1) of the Federal Rules of Appellate Procedure, "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either judgment or the order being appealed." Fed. R. App. P. 4(b)(1). Therefore, the Defendant's judgment became final on June 6, 2019, and the 1-year limitation period expired on June 6, 2020.

the extension upon or after filing an actual section 2255 motion, and (2) 'rare and exceptional' circumstances warrant equitably tolling the limitations period." 260 F.3d 78, 82–83 (2nd Cir. 2001). The Seventh Circuit has not formally adopted the Second Circuit's holding in *Green*; however, many district courts in this circuit, including this court, have applied this principle. *See United States v. Beach*, No. 2:11-CR-47, 2020 WL 2614868, at *1 (N.D. Ind. May 22, 2020) ("This court explained that Beach must file his § 2255 motion before this court would be able to determine: (1) whether any of the statutory exceptions to the limitations period applied, or (2) whether equitable tolling was warranted."); *United States v. Jones*, No. 19-C-1947, 2020 WL 2526478, at *3 (N.D. Ill. May 18, 2020) ("The Court denied Jones's motion on February 25, 2019, ruling that the one-year limitations period set forth in section 2255(f) does not provide for any advance determination on the appropriateness of an otherwise late filing."); *United States v. McBride*, No. 11–CR–30012, 2012 WL 5897199, at *1–2 (S.D. Ill. Nov. 21, 2012) (applying *Green v. United States*); *United States v. Crawford*, No. 07–CR–20106, 2009 WL 1329141, at *1–2 (C.D. Ill. May 11, 2009) (applying *Green v. United States*); *United States v. Hunter*, No. 04-CR-0079, 2008 WL 3155763, at *1 (W.D. Wis. Aug. 6, 2008) ("[I]t is not clear that courts have the authority to grant extensions of time from the statutory one-year filing period."); *United States v. Cummings*, No. 06-CR-199, 2008 WL 312910, at *1 (E.D. Wis. Feb. 1, 2008) ("Section 2255 itself provides no authority for the court to grant an extension of the one-year deadline . . . the court cannot grant a pre-filing extension and is, therefore, obliged to deny [the Defendant's] request."); *see also United States v. Cooper*, 182 F.3d 923 (Table), at *1 (7th Cir. 1999) (referencing that "[t]he [district] court denied this motion [for an extension of time to file a collateral attack], sensibly remarking that the new statute does not provide for extensions of time"). Although the Defendant's situation may warrant the equitable tolling of the 1-year period of limitation, *see Estremera v. United States*, 724 F.3d 773, 776 (7th Cir. 2013) (explaining that

"[l]ack of library access can, in principle, be an 'impediment' to the filing of a collateral attack"), that is an issue that must be addressed after the Defendant has filed his § 2255 motion. Accordingly, the Court denies the requested relief as premature.

   3. **28 U.S.C. § 2241 Is Inapplicable to the Defendant and This Court Is the Only Court with Jurisdiction to Consider the Defendant's § 2255 Motion**

The Defendant's Motion suggests that he intends to file a motion pursuant to 28 U.S.C. § 2255; however, the Notices he filed suggest he intends to seek relief pursuant to 28 U.S.C. § 2255 via 28 U.S.C. § 2241. The Defendant's position is a bit confusing, as § 2255 and § 2241 are substantially different and "[a]ccording to § 2255(e), a federal prisoner may use § 2241 to contest his conviction or sentence only when 'the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.'" *Unthank v. Jett*, 549 F.3d 534, 535 (7th Cir. 2008) (citing 28 U.S.C. § 2255(e)). The Seventh Circuit has set forth a three-part test for determining whether § 2255 is inadequate or ineffective:

- Step #1: the federal prisoner must seek relief based on a decision of statutory interpretation (as opposed to a decision of constitutional interpretation, which the inmate could raise in a second or successive § 2255 motion);

- Step #2: the statutory rule of law in question must apply retroactively to cases on collateral review and could not have been invoked in a first § 2255 motion; and

- Step #3: a failure to afford the prisoner collateral relief would amount to an error "grave enough" to constitute "a miscarriage of justice."

*Worman v. Entzel*, 953 F.3d 1004, 1008 (7th Cir. 2020).

The Defendant's Notice represents that he intends to challenge the validity of his sentence based on the Supreme Court's ruling in *United States v. Davis*. Notice 2. Relief based on such a theory is not available under § 2241 because *Davis* addresses a question of constitutional interpretation and any claims arising from that case must, therefore, be raised in a

5

§ 2255 motion. *See Reynolds v. Werlich*, No. 19-cv-1223, 2020 WL 3316071, at *3 (S.D. Ill. June 18, 2020); *Karr v. Kallis*, No. 19-cv-1037, 2019 WL 3416653, *3 (C.D. Ill. July 9, 2019). Accordingly, the Court believes it is appropriate to interpret the Defendant's requests for relief as they pertain to § 2255 only.

The Defendant requests the Court to forward various filings and documents to the United States District Court for the Eastern District of Michigan in connection with his future § 2255 Motion. The Court notes, however, § 2255 provides that "[a] prisoner in custody under sentence of a court . . . may move *the court which imposed the sentence* to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a) (emphasis added).  This Court imposed the Defendant's sentence on May 22, 2019, *see* ECF No. 274, thus the Defendant must file any future § 2255 motions with this Court, not with the United States District Court for the Eastern District of Michigan. Accordingly, the requested relief must be denied.

   **4. The Interest of Justice Does Not Demand Appointment of Counsel**

Finally, the Defendant requests the Court appoint counsel to assist with the preparation of his § 2255 motion. Pursuant to 18 U.SC. § 3006A, "[w]henever the United States magistrate judge or court determines that the interest of justice so require, representation may be provided for any financially eligible person who is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.SC. § 3006A(a)(2). There is no constitutional right to appointment of counsel in a § 2255 proceeding, thus appointment of counsel is at the court's discretion. *Shultz v. United States*, No. 3:17-CV-226, 2017 WL 5129029, at *4 (N.D. Ind. Nov. 2, 2017) (citing 18 U.S.C. § 3006A(a)(2)(B); Rule 6 of the Rules Governing Section 2255 Proceedings; *Rauter v. United States*, 871 F.2d 693 (7th Cir. 1989)).

In the instant case, the interest of justice does not demand the appointment of counsel. The Defendant, in his Notices, has specified that he plans to file a § 2255 motion based on the

6

Supreme Court's decision in *United States v. Davis*. That decision addressed 18 U.S.C. § 924, which provides that:

> [A]ny person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall . . . be sentenced to a term of imprisonment of not less than 5 years.

18 U.S.C. § 924(c)(1)(A). The statute defined "crime of violence" to mean

> an offense that is a felony and--
>
> (A)  has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3). In *Davis*, the Supreme Court held that the definition of "crime of violence" contained in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. 139 S. Ct. at 2336.

The Defendant plead guilty to Count 15 of the Indictment which charged him with possession of a firearm in furtherance of a *drug trafficking crime*. Notably, the Supreme Court's ruling in *Davis* applies only to the definition of "crime of violence" and not drug trafficking crimes, which are defined by § 924(c)(2). *See, e.g.*, *Cosby v. United States*, 19-CV-00878, 2020 WL 4219952, at *1 (S.D. Ill. July 23, 2020) ("The definition of a 'drug trafficking crime' was not affected by the Supreme Court's holding in Davis, and reconsideration is not warranted."). Accordingly, *Davis* has no impact on the Defendant's sentence, and he is unlikely to successfully contest his sentence on such grounds regardless of whether an attorney is appointed. For that reason, the Court concludes that the interest of justice does not demand the appointment of counsel and the Defendant's request is denied.

**CONCLUSION**

For the foregoing reasons, the Court DENIES the relief requested in the Defendant's Motion for Time Continuance for Filing Motion 28 U.S.C. 2255 for Good Cause Respectfully [ECF No. 469], his Notice of Intent to File Habeas Corpus Pursuant to 28 U.S.C. 2255(e) (via) 28 U.S.C. 2241 [ECF No. 505], and his Second Notice of Intent to File Habeas Corpus Pursuant to 28 U.S.C. 2255(e) (via) 28 U.S.C. 2241 [ECF No. 514]. The Court notes that this Opinion and Order has no impact on the § 2555 filing deadline and does not otherwise prevent the Defendant from filing a motion under 28 U.S.C. § 2255.

SO ORDERED on August 5, 2020.

                                               s/ Theresa L. Springmann
                                               JUDGE THERESA L. SPRINGMANN
                                               UNITED STATES DISTRICT COURT